UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NARE OGANESYAN,

                    Plaintiff,

         -against-

TIFFANY AND COMPANY, MARIE
GORDON and NATALIE EL-QAOUD,

                    Defendant.

------------------------------------------------------------------X

Civ. No.  23-cv-04287
(LAP)(GWG)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY THE ACTION

                               JACKSON LEWIS P.C.
                               *ATTORNEYS FOR DEFENDANTS*
                               666 Third Avenue, 29th Floor
                               New York, New York  10017
                               (212) 545-4000 Telephone
                               (212) 972-3213 Facsimile
                               Todd.Girshon@JacksonLewis.com
                               Kevin.Murray@JacksonLewis.com

Attorneys of Record:
    Todd H. Girshon, Esq.
    Kevin W. Murray, Esq.

**PRELIMINARY STATEMENT**

Defendants, Tiffany and Company (the "Company"), Marie Gordon, and Natalie El-Qaoud (collectively, "Defendants"), hereby move for an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and Rule 12 of the Federal Rules of Civil Procedure, staying this action and compelling arbitration. Plaintiff Nare Oganesyan ("Plaintiff") is bound by a mutual agreement to arbitrate the claims asserted in the Complaint that she has filed with the Court. Accordingly, pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 ("FAA"), this action should be stayed, and Plaintiff ordered to proceed with her claims in arbitration.

Plaintiff and the Company entered into the Dispute Resolution Agreement (the "Agreement"), as a condition of Plaintiff's employment with the Company, which is indisputably valid and enforceable under the law. Further, Plaintiff's claims of disability discrimination, failure to accommodate, hostile work environment and retaliation under the New York Executive Law § 296, *et seq.* ("NYSHRL") and the N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL"), are clearly within the Agreement's scope. Pursuant to the Agreement, Plaintiff consented to arbitrate "all claims or disputes between [Plaintiff] and the Company . . . including but not limited to, all past, present or future claims based on, arising out of or relating to your prospective or actual employment relationship or the termination of that relationship." Arbitration, therefore, and not this Court, is the proper forum for resolution.

As an initial matter, under the Agreement's plain terms, the parties clearly and unmistakably delegated questions of "arbitrability" to the arbitrator. The Court should thus defer to the arbitrator the question of whether Plaintiff's claims are arbitrable.

Further, it is indisputable that Plaintiff accepted the terms of the Agreement. Plaintiff agreed, among other things, that her "continued employment fourteen (14) days after

being provided with this agreement constitutes [Plaintiff] and the Company's mutual acceptance of this agreement." Plaintiff acknowledged her receipt of the Agreement on February 3, 2017. (Olivier Aff. ¶ 12.) Thus, the continuation of Plaintiff's employment beyond February 17, 2017 shows Plaintiff's agreement to be bound by the terms of the Agreement.

Plaintiff was provided with the Agreement by an email notification from the Company's learning management system. (Olivier Aff. ¶ 8.) In that email, Plaintiff was asked to click a link that allowed her to access a Company learning module regarding the Agreement. (*Id.*) Once logged in to the learning module, Plaintiff was provided with a link to the entire Agreement. (Olivier Aff. ¶ 9.) Plaintiff completed this learning module and acknowledged her receipt of the agreement on February 3, 2017. (Olivier Aff. ¶ 12.) Plaintiff's completion of the learning module generated a certificate of completion as evidence of her acknowledgement of and assent to the agreement. (Olivier Aff. Ex. B.)

## PROCEDURAL HISTORY

On or about May 9, 2023, contrary to the terms of the arbitration agreement requiring such claims to be resolved in binding arbitration, Plaintiff filed a Complaint in the Supreme Court of the State of New York, County of New York. Plaintiff alleges, among other things, causes of action for disability discrimination, failure to accommodate, hostile work environment, and retaliation in violation of the NYSHRL and the NYCHRL.

On or about May 23, 2023, Defendants filed a Notice of Removal, removing the action to the Southern District of New York. (Docket Entry No. 1). A snap removal was properly made prior to service of the Complaint pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because there is complete diversity of citizenship between the parties. Plaintiff is a citizen of California, while each Defendant is a citizen of New York.

In lieu of an Answer, Defendants are filing the instant motion to compel arbitration under the FAA and to stay the action pending the arbitration since this forum is not the appropriate avenue to pursue these claims because Plaintiff agreed to *arbitrate* any dispute arising out of or relating to her employment, including but not limited to all the claims asserted here. Accordingly, Defendants respectfully request that, pursuant to the FAA, the Court stay this action; enter an Order compelling Plaintiff to arbitrate all of her claims; and require Plaintiff to reimburse Defendants for the reasonable attorneys' fees and costs for having to file the instant motion

## ARGUMENT

### I. ARBITRATION OF THIS MATTER IS REQUIRED PURSUANT TO THE FAA

The FAA reflects "a strong federal policy favoring arbitration as an alternative means of dispute resolution." *Ross v. Am. Express Co.*, 547 F.3d 137, 142 (2d Cir. 2008). Congress enacted the FAA to dispel judicial hostility towards arbitration and "to place arbitration agreements on the same footing as other contracts." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("Congress adopted the Arbitration Act in 1925 in response to a perception that courts were unduly hostile to arbitration"); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991). The FAA requires courts to enforce arbitration agreements, including those contained in private employment contracts. *See* 9 U.S.C. § 2; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (holding that the FAA governs arbitration clauses in employment contracts).

Notwithstanding any New York State law to the contrary, the Southern District of New York has consistently enforced arbitration agreements in the employment context under the FAA. *See, e.g., Rollag v. Cowen Inc.,* 20-CV-5138 (RA), 2021 U.S. Dist. LEXIS 39942, 2021 WL 807210 (S.D.N.Y. March 3, 2021) (Abrams, J.); *Gilbert v. Indeed, Inc.*, 20-CV-3826 (LJL), 2021 U.S. Dist. LEXIS 9717 (S.D.N.Y. Jan. 19, 2021) (Liman, J.); *Whyte v. WeWork Cos.*, 2-0-

CV-1800 (CM), 2020 U.S. Dist. LEXIS 102354, 2020 WL 3099969 (S.D.N.Y. June 11, 2020) (McMahon, J.); *Latif v. Morgan Stanley & Co.,* 18-CV-11528 (DLC), 2019 U.S. Dist. LEXIS 107020, 2019 WL 2610985 (S.D.N.Y. June 26, 2019) (Cote, J.).

Section 2 of the FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). The FAA signifies a "liberal federal policy favoring arbitration agreements." *Bissonnette v. LePAge Bakeries Park St., LLC*, 49 F.4th 655, 660 (2d Cir. 2022).

Section 3 of the FAA is the operative provision and requires that if a suit or proceeding is referrable to arbitration under an arbitration agreement, the Court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). A court must stay proceedings if an arbitration agreement exists. *McMahan Sec. Co. L.P. v. Forum Capital Mkts. L.P.*, 35 F.3d 82, 85-86 (2d Cir. 1994); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("[Section] 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'") (*quoting* 9 U.S.C. § 3).

On a motion to compel arbitration pursuant to the FAA, the court must compel arbitration after confirming that the parties have entered into a valid arbitration agreement and that the issue sought to be submitted to arbitration falls within the scope of that agreement. *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir. 1987); *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 563 (S.D.N.Y. 2013). As set forth in further detail below, these requirements are satisfied in the instant case.

### A. The Parties Agreed to Mutually Arbitrate Claims.

"A valid arbitration agreement requires 'a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement[.]'" *Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 387 (S.D.N.Y. 2017) (quoting *Express Indus. & Terminal Corp. v. N.Y. State DOT*, 93 N.Y.2d 584, 589 (1999)). To determine whether the parties agreed to arbitrate, courts apply the ordinary state-law principles that govern the formation of contracts. *See Abdullayeva v. Attending Homecare Servs*. LLC, 928 F.3d 218, 222 (2d Cir. 2019). The terms of an agreement provide the best evidence of what the parties intend, and a written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms. *Id.* at 222.

At bar, Plaintiff accepted the terms of the Agreement by acknowledging her receipt on February 3, 2017. (Olivier Aff. ¶ 12.) By accepting the Company's Agreement, Plaintiff agreed, among other things, that her "continued employment fourteen (14) days after being provided with this agreement constitutes [Plaintiff] and the Company's mutual acceptance of this agreement." Thus, as a condition of her continued employment, Plaintiff agreed to arbitrate all claims against the Company arising out of or relating to her employment. Plaintiff reviewed the module and confirmed her acknowledgment of, and assent to the Agreement by continuing her employment with the Company after the fourteen (14) day period set forth by the Agreement's express terms. Accordingly, there can be no serious question that the Agreement is anything but valid and enforceable under applicable law.

### B. Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.

As to the second question, the *scope* of the arbitration agreement, any doubts are resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24. "This presumption

5

in favor of arbitrability comes from the FAA, which directs courts to abandon their hostility toward arbitration and instead respect and enforce agreements to arbitrate." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019) (citation and internal quotations omitted). Here, Plaintiff agreed "to arbitrate any and all disputes, claims, or controversies ("Covered Claims") against [Tiffany] arising out of or relating to [her] employment relationship with [Tiffany]." All of the issues in Plaintiff's Complaint "arise out of" her employment, including Tiffany's decision to terminate her employment. More specifically, the Complaint seeks redress for alleged violations of the NYSHRL and NYCHRL, including failure to accommodate, disability discrimination, hostile work environment, and retaliation. Each of Plaintiff's theories must have occurred during her employment to be actionable. Because the Agreement covers disputes arising out of Plaintiff's employment, the Agreement requires that her claims be arbitrated.

## II. THE COURT SHOULD STAY THIS CASE PENDING THE OUTCOME OF PROCEEDINGS BEFORE THE ARBITRATOR

Because there is a valid and binding agreement to arbitrate between the parties, and Plaintiff's claims are all within its scope, Section 3 of the FAA requires issuance of a stay until arbitration has been had in accordance with the terms of the agreement. *See Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015) (explaining that the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay [is] requested").

As set forth above, the claims in the Complaint are subject to arbitration pursuant to the Agreement. Accordingly, this matter should be stayed pending the arbitration's completion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (1) compel Plaintiff to arbitrate her claims against Defendant; (2) stay these proceedings until conclusion of the arbitration; (3) require Plaintiff to reimburse Defendants for the reasonable

attorneys' fees and costs for having to file the instant motion; and (4) to award such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          JACKSON LEWIS P.C.
          *ATTORNEYS FOR DEFENDANT*
          666 Third Avenue, 29th Floor
          New York, New York 10017
          (212) 545-4000 Telephone
          (212) 972-3213 Facsimile
          Todd.Girshon@JacksonLewis.com

          */s/ Todd H. Girshon*
By:  Todd H. Girshon, Esq.

Dated: June 13, 2023
       New York, New York

4894-2100-5673, v. 1

7